**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JUAN CARLOS ESCOBAR; LETICIA
ESCOBAR,
Plaintiffs-Appellants,

v.                                                                    No. 95-3185

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CA-95-41-3-MU)

Submitted: February 28, 1997

Decided: March 19, 1997

Before HALL and WILKINS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellants. Mark T.
Calloway, United States Attorney, James M. Sullivan, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Juan Escobar and Leticia Escobar appeal from the district court's orders dismissing his complaint under Fed. R. Civ. P. 12(b)(6) and denying his motion for reconsideration. We affirm.

Juan Escobar (hereinafter Escobar) was arrested for violating cocaine trafficking laws and taken into custody by the United States Customs Service agents for interrogation. While handcuffed and in custody, Escobar fell over a stairwell guardrail from the second floor to the first floor, causing severe injuries. The Escobars filed an action under the Federal Torts Claim Act ("FTCA"), which the district court dismissed for failure to state a claim upon which relief could be granted. The Escobars then filed a motion for reconsideration under Fed. R. Civ. P. 60(b), which the district court denied.

This Court reviews a Rule 12(b)(6) dismissal de novo and a dismissal of a motion for reconsideration for abuse of discretion. See Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995); National Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995). Under the FTCA, the government is only liable if a private individual would be liable under local law. 28 U.S.C. § 1346(b) (1994). To sustain a claim of actionable negligence in North Carolina, "plaintiff must prove (1) defendant owed a duty to plaintiff, (2) defendant failed to exercise proper care in the performance of that duty, and (3) the breach of that duty was the proximate cause of plaintiff's injury, which a person of ordinary prudence should have foreseen as probable under the conditions as they existed." Westbrook v. Cobb, 411 S.E.2d 651, 653 (N.C. 1992); see Crinkley v. Holiday Inns, Inc., 844 F.2d 156, 160 (4th Cir. 1988). The absence of any one element will defeat a negligence action. Westbrook, 411 S.E.2d at 653. Escobar failed to make sufficient allegations that the arresting agents breached their duty to Escobar because his injuries were not foreseeable to the

2

ordinarily prudent person.* See Helmly v. Bebber, 335 S.E.2d 182, 185 (N.C. 1985).

Escobar's Rule 60(b) motion raised three issues, all of which were considered by the district court during the hearing on the motion to dismiss. Escobar did not show meritorious defense, a lack of unfair prejudice to the opposing party, or exceptional circumstances. Dowell v. State Fire & Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984)). Escobar merely asked the court to change its mind. Therefore, we find that the district court did not abuse its discretion in denying the motion.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*Escobar's allegation that an agent held him over a guardrail and dropped him, alluded to in his third complaint and, in more detail, in his appeal brief, is contrary to the allegations raised in his FTCA claim letter, first Complaint, and First Amended Complaint. The district court did not err in refusing to permit the amendment proffered in Escobar's third complaint (also styled First Amended Complaint), and it properly refused to consider this claim because it was not included in the previous complaints.