MILLETTE M. CLONTZ, Plaintiff v. ST. MARK'S EVANGELICAL LUTHERAN CHURCH, a/k/a ST. MARK LUTHERAN CHURCH, a/k/a ST. MARK'S LUTHERAN CHURCH, HARRY A. SLOOP, and H. ALLEN SLOOP, Defendants

No. COA02-606

(Filed 15 April 2003)

**1. Appeal and Error— appealability—dismissals of some parties—substantial right affected**

An appeal from the dismissal of two of the three parties in a negligence action was interlocutory, but trying issues of liability before the same jury and the avoidance of inconsistent verdicts are substantial rights and the order was appealable.

**2. Negligence— rescue doctrine—defined**

The rescue doctrine holds the tortfeasor liable for injury to a rescuer on the grounds that a rescue attempt is foreseeable. The doctrine recognizes the need to bring an endangered person to safety, but does not apply unless it can be shown that the peril was caused by the negligence of another.

**3. Premises Liability— church hayride on farm—liability of church**

A church which sponsored a hayride at which an injury occurred was not liable on a premises liability claim, if indeed the church occupied the land, because the acts alleged to show a lack of reasonable care relate to the way the hayride was conducted, not the maintenance or condition of the property.

**4. Premises Liability— church hayride on farm—liability of farmer**

A premises liability claim against a farmer who allowed a church to conduct a hayride on his farm was correctly dismissed for failure to state a claim because there were no allegations of willful or wanton infliction of injury. N.C.G.S. § 38A-4.

**5. Motor Vehicles— carrying children on trailer—hayride on farm**

The statute prohibiting the transportation of children under 12 in the open bed or cargo area of a vehicle applies only to vehicles operated on highways, and did not apply to a church hayride held on a farm. N.C.G.S. § 20-135.2B(2001).

CLONTZ v. ST. MARK'S 'EVANGELICAL LUTHERAN CHURCH

[157 N.C. App. 325 (2003)]

### 6. Negligence— hayride—improper lighting—overloading

Allegations that an injury on a church hayride occurred because the lighting was inadequate and the trailer overloaded stated a claim against the church, which was alleged to have organized the hayride, but not against the farmer who owned the trailer. The church determined the safety precautions to be taken, but the farmer was not involved in lighting or loading the trailer and the trailer was not alleged to be defective.

### 7. Negligence— hayride—failure to properly control tractor

The trial court properly granted defendants' motions to dismiss claims that defendants failed to keep a tractor under proper control during a hayride where no allegations supported the propositions that the vehicle was out of control or that a loss of control contributed to the plaintiff's injury.

### 8. Negligence— hayride—lack of supervision

In a negligence action arising from a church hayride, the trial court properly dismissed a claim against the farmer for failure to exercise reasonable care in the supervision of the children, but should not have dismissed the same claim against the church. There were no allegations that the farmer had responsibility for any of the children, but the complaint alleged facts indicating that the welfare of the children had been entrusted to supervisors appointed by the church.

### 9. Negligence— volunteers' immunity—lack of liability insurance not shown

The immunity granted to volunteers for charitable organizations by N.C.G.S. § 1-539.10 did not justify dismissing a claim arising from a church hayride where the required showing that defendants did not have liability insurance was not made.

Appeal by plaintiff from order entered 20 March 2002 by Judge Mark E. Klass in Iredell County Superior Court. Heard in the Court of Appeals 9 January 2003.

*Parker & Howes, L.L.P., by David P. Parker, for plaintiff-appellant.*

*Caudle & Spears, P.A., by Lloyd C. Caudle and Cameron B. Weber, for defendants-appellees.*

**CLONTZ v. ST. MARK'S EVANGELICAL LUTHERAN CHURCH**

[157 N.C. App. 325 (2003)]

CALABRIA, Judge.

On 24 October 1998, St. Mark's Evangelical Lutheran Church ("St. Mark's") held their annual Halloween festival on a farm owned by H. Allen Sloop ("Allen Sloop"). As part of the festivities, St. Mark's organized a hayride for the younger members or guests attending the event. Both children and adults rode through the woods and around the farm on a flatbed trailer pulled by a farm tractor driven by Allen Sloop's son, Harry A. Sloop ("Harry Sloop").

Millette Clontz ("Clontz") was not a member of St. Mark's but was invited to help with the hayride by standing in the woods and making scary noises. When the last hayride of the night passed Clontz, she came out from the woods and started walking alongside the flatbed. While walking, Clontz saw a child near the edge of the trailer, waving his arms and appearing to be losing his balance. Clontz stepped up to the side of the trailer, and as she pushed the child back onto the trailer bed to prevent his fall, Clontz fell under the trailer. Clontz was impaled by part of the trailer, dragged underneath the trailer for a short distance, and finally run over by the trailer. Clontz suffered extensive and permanent bodily injuries.

Clontz filed suit on 16 October 2001 in the Superior Court of Iredell County against St. Mark's, Allen Sloop, and Harry Sloop, jointly and severally, alleging negligence arising from premises liability, negligent supervision, and negligent infliction of emotional distress. On 6 November 2001, St. Mark's and Allen Sloop filed motions to dismiss under Rules 12(b)(4), 12(b)(5), and 12(b)(6) of the North Carolina Rules of Civil Procedure. On 20 March 2002, the Honorable Mark E. Klass granted both motions to dismiss pursuant to Rule 12(b)(6). Clontz gave notice of appeal on 8 April 2002, assigning error to the trial court's order on the grounds that the complaint stated a claim upon which relief could be granted.

[1] This appeal is interlocutory because the dismissals do not extend to the third defendant, Harry Sloop, and therefore do not finally determine all claims, rights, and liabilities of all the parties. *Leasing Corp. v. Myers,* 46 N.C. App. 162, 164-65, 265 S.E.2d 240, 242-43 (1980). Interlocutory orders are appealable if the order appealed affects a "substantial right." N.C. Gen. Stat. §§ 1-277 (2001) and 7A-27(d) (2001). Both "[t]he 'right to have the issue of liability as to all parties tried by the same jury' and the avoidance of inconsistent verdicts in separate trials . . . [are] substantial rights." *Vera v. Five Crow Promotions, Inc.,* 130 N.C. App. 645, 648, 503 S.E.2d 692, 695

(1998) (quoting *Bernick v. Jurden*, 306 N.C. 435, 439, 293 S.E.2d 405, 408-09 (1982)). Because the dismissal was granted in favor of Allen Sloop and St. Mark's before the final resolution of Clontz's action against Harry Sloop, the right to try the issues of liability as to all parties before the same jury as well as the right to avoid inconsistent verdicts in separate trials are implicated. Clontz's appeal is properly before this Court.

**[2]** Clontz asserts the trial court erred in allowing the motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. "A motion to dismiss . . . presents the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Lynn v. Overlook Development*, 328 N.C. 689, 692, 403 S.E.2d 469, 471 (1991).

> A complaint may be dismissed on motion filed under Rule 12(b)(6) if it is clearly without merit; such lack of merit may consist of an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim.

*Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E.2d 240, 241 (1980).

Clontz, in her complaint, alleged defendants were negligent and that, pursuant to the rescue doctrine, she is entitled to recover.

> In order to establish actionable negligence, [a] plaintiff must show that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed to the plaintiff under the circumstances in which they were placed, and that such negligence was the proximate cause of the injury—a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed.

*Jackson v. Gin Co.*, 255 N.C. 194, 196, 120 S.E.2d 540, 542 (1961). The rescue doctrine encourages "the rescue of others from peril and immediate danger . . . by holding the tortfeasor liable for any injury to the rescuer on the grounds a rescue attempt is foreseeable. [It] recognizes the need to bring an endangered person to safety." *Westbrook v. Cobb*, 105 N.C. App. 64, 69, 411 S.E.2d 651, 654 (1992). Functionally, "the doctrine stretches the foreseeability limitation to help bridge the proximate cause gap between defendant's act and plaintiff's injury."

CLONTZ v. ST. MARK'S EVANGELICAL LUTHERAN CHURCH

[157 N.C. App. 325 (2003)]

*Id.*, 105 N.C. App. at 69, 411 S.E.2d at 654. "[T]he rescue doctrine does not apply unless it be shown that the peril was caused *by the negligence* of another." *Caldwell v. Deese*, 288 N.C. 375, 380, 218 S.E.2d 379, 382 (1975) (emphasis in original).

In her complaint, Clontz sets forth five specific grounds in support of her claims of negligence: (I) premises liability; (II) violation of N.C. Gen. Stat. § 20-135.2B in the operation of a vehicle with children under twelve years of age in an open bed or cargo area; (III) operation of an overloaded vehicle without adequate lighting; (IV) failure to keep the vehicle under proper control; and (V) negligent supervision.

I. Premises Liability

A. St. Mark's

**[3]** Clontz asserts St. Mark's is liable as the inviting agency under general principles of premises liability. The duty imposed on occupiers of land is "to exercise reasonable care in the maintenance of the[] premises for the protection of lawful visitors." *Nelson v. Freeland*, 349 N.C. 615, 632, 507 S.E.2d 882, 892 (1998). Even assuming *arguendo* St. Mark's is an occupier of land, the acts alleged to show a lack of reasonable care (i.e. overloading the vehicle, violating N.C. Gen. Stat. § 20-135.2B, and failing to adequately light the trailer) relate not to the maintenance or condition of the property but merely to the way the hayride was conducted. Hazards relating only to an activity and existing separate and apart from the condition or maintenance of property do not give rise to a claim of premises liability.

B. Allen Sloop

**[4]** Clontz also asserts Allen Sloop is liable for injuries on the basis of premises liability. The General Assembly has modified the general principles of premises liability for landowners who allow their land to be used for recreational purposes:

> Except as specifically recognized by or provided for in this chapter, an owner of land who either directly or indirectly invites or permits without charge any person to use such land for educational or recreational purposes owes the person the same duty of care that he owes a trespasser .... This section does not apply to an owner who invites or permits any person to use land for a purpose for which the land is regularly used and for which a price or fee is usually charged even if it is not charged in that instance, or

to an owner whose purpose in extending an invitation or granting permission is to promote a commercial enterprise.

N.C. Gen. Stat. § 38A-4 (2001). Where applicable, N.C. Gen. Stat. § 38A-4 imposes upon a landowner the duty to "refrain from the willful or wanton infliction of injury." *Nelson*, 349 N.C. at 618, 507 S.E.2d at 884 (citation omitted).

In the instant case, Allen Sloop gratuitously permitted members of St. Mark's to use his farm for recreational purposes. The property was generally used for routine farming activities, and there is no allegation that the purpose of the invitation was to promote a commercial enterprise. Accordingly, Allen Sloop had no duty except to refrain from willfully or wantonly inflicting injury. The complaint fails to allege willful or wanton infliction of injury by Allen Sloop; therefore, the trial court correctly granted the Rule 12(b)(6) motion on the claim of premises liability.

II. Violation of N.C. Gen. Stat. § 20-135.2B

[5] Clontz asserts defendants failed to use reasonable care by violating N.C. Gen. Stat. § 20-135.2B (2001), a provision of the Motor Vehicle Act prohibiting the transport of children under twelve years of age in the open bed or cargo area of a vehicle. The scope and applicability of this provision is limited to vehicles "driven or moved on any highway." N.C. Gen. Stat. § 20-115 (2001). The Motor Vehicle Act defines highways as "open to the use of the public as a matter of right for the purposes of vehicular traffic." N.C. Gen. Stat. § 20-4.01 (13) (2001). The complaint fails to allege the trail through the woods over which the tractor and trailer traveled was a "highway" as defined in N.C. Gen. Stat. § 20-4.01 (13). Because N.C. Gen. Stat. § 20-115 limits the applicability of N.C. Gen. Stat. § 20-135.2B to vehicles operated on highways and the activities conducted on Allen Sloop's property were not alleged to fall within the scope of its regulation, application of the statute is precluded.

III. Overloading and Improper Lighting

[6] Clontz asserts defendants failed to use reasonable care by overloading and improperly lighting the trailer. Although the complaint alleges Allen Sloop owned the trailer, the trailer itself was not alleged to be defective, nor was Allen Sloop alleged to have been involved in the loading or lighting of the trailer. Therefore, Clontz's complaint failed to allege a claim of negligence against Allen Sloop based upon overloading or improperly lighting the trailer, and the motion to dis-

miss was properly granted. Clontz's complaint alleges St. Mark's organized the hayride and determined what precautions should be taken for the riders' protection. St. Mark's, not Allen Sloop, decided whether the lighting on the trailer was adequate and how many passengers were permitted on each ride. The allegations of the complaint do not fail, as a matter of law, to state a claim of negligence against St. Mark's. Accordingly, a motion to dismiss in favor of St. Mark's is premature.

IV. Failure to Keep Vehicle under Proper Control

[7] Clontz asserts defendants failed to keep the vehicle under proper control. However, no facts alleged in the complaint support the proposition that the vehicle was, at any time, out of control, nor is there an allegation that the child was in danger due to any lack of control. The only fact in the complaint relating to the control of the tractor is that it was going no faster than a walking pace. Since there are no allegations regarding loss of control or that said loss of control contributed to the unfortunate injury that occurred, the trial court properly granted defendants' motion to dismiss.

V. Negligent Supervision of Children

[8] Finally, Clontz asserts defendants also failed to exercise reasonable care in the supervision of the children on the hayride. Where an adult host or supervisor is entrusted with and assumes the responsibility for the welfare of a child, they "have a duty to the children to exercise a standard of care that a person of ordinary prudence, charged with similar duties, would exercise under similar circumstances." *Royal v. Armstrong*, 136 N.C. App. 465, 471, 524 S.E.2d 600, 603-04 (2000). "[T]he amount of care due ... increases with ... immaturity, inexperience, and relevant physical limitations." *Payne v. N.C. Dept. of Human Resources*, 95 N.C. App. 309, 314, 382 S.E.2d 449, 452 (1989) (citations omitted).

The complaint alleges facts contradicting the exercise of reasonable care including that (1) there was a lot of loud screaming and horsing around; (2) the light illuminating the trailer was insufficient to properly illuminate the entire bed preventing proper visibility and supervision by the adults present; and (3) a child was close enough to the edge of the trailer bed to be within easy reach of one walking alongside of it.

The complaint does not allege Allen Sloop was entrusted with or assumed responsibility for the welfare of any child. Thus, no allega-

tion gives rise to a duty to supervise, and this claim against Allen Sloop fails to state necessary elements of negligent supervision. However, the complaint, taken as true, does allege facts indicating the welfare of the children on the hayride had been entrusted to the supervisors appointed by St. Mark's for purposes of safely operating the hayride. Therefore, a motion to dismiss in favor of St. Mark's is premature.

VI. Applicability of N.C. Gen. Stat. § 1-539.10

[9] Defendants assert a motion to dismiss is warranted because Clontz failed to allege St. Mark's and Allen Sloop waived immunity from civil liability afforded to volunteers. North Carolina General Statute § 1-539.10 (2001) provides for immunity from civil liability for volunteers performing services for charitable organizations under specific circumstances. To the extent the organization or volunteer has liability insurance, that immunity, which is in the nature of a defense, is waived. *Id.* Where disclosure of some fact necessarily defeats a claim, dismissal under Rule 12(b)(6) is appropriate. *Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E.2d 240, 241 (1980). No immunity necessarily defeating the claim has been proffered. The immunity conferred by N.C. Gen. Stat. § 1-539.10 depends on the absence of liability insurance carried by defendants. Since no showing has yet been made by defendants that the immunity applies, it does not act as a bar to recovery that would otherwise justify the granting of a motion to dismiss.

For the foregoing reasons, the dismissal by the trial court of all claims against Allen Sloop is affirmed. The dismissal by the trial court of the claims of premises liability and violation of N.C. Gen. Stat. § 20-135.2B against St. Mark's is also affirmed. The dismissal by the trial court of the remaining claims against St. Mark's is reversed.

Affirmed in part and reversed in part.

Judges McGEE and HUNTER concur.