HEATHER D. ACOSTA, PLAINTIFF v. ROBIN BYRUM, SHIRLEY SMITH, BEVERLY EDWARDS, M.D. AND DAVID R. FABER, II, M.D., DEFENDANTS

No. COA06-106

(Filed 19 December 2006)

**1. Appeal and Error— appealability—interlocutory order—dismissal of one of parties to suit—substantial right—avoiding two trials on same factual issues**

Although the appeal of an order dismissing plaintiff's claims against one of the parties is an appeal from an interlocutory order, plaintiff's appeal is properly before the Court of Appeals, because: (1) avoiding two trials on the same factual issues affects a substantial right since separate trials might render inconsistent verdicts on the same factual issue; and (2) a dismissal of the claim against defendant Faber raised the possibility of inconsistent verdicts in later proceedings, and defendant does not dispute that this matter affects a substantial right.

**2. Emotional Distress— negligent infliction—erroneous dismissal of claim—standard of care—proximate cause—severe emotional distress**

The trial court erred by dismissing plaintiff's claim of negligent infliction of emotional distress with prejudice under N.C.G.S. § 1A-1, Rule 12(b)(6) arising from defendant doctor's alleged negligence in providing his medical access code to an of-

fice manager at a medical practice where plaintiff was an employee and a patient, because: (1) plaintiff alleged all the substantive elements of the claim and sufficient facts to support the claim; (2) plaintiff was not required to cite the exact rule or regulation regarding the doctor's duty to maintain privacy in plaintiff's medical records to establish the standard of care, but only was required to provide the doctor with notice of how she planned to establish the duty that was negligently breached; (3) plaintiff made sufficient allegations of foreseeability and proximate cause when she alleged the doctor knew of the severe personal animus the office manager had for plaintiff, the doctor allowed the office manager to use his medical access code, the office manager used that code to access and obtain plaintiff's confidential medical records and disclosed information contained in those records to third parties, and consequently plaintiff suffered severe emotional distress, humiliation, and mental anguish; and (4) plaintiff's allegation that defendant's negligence caused severe emotional distress, humiliation, and mental anguish, combined with her other factual claims, placed defendant on notice of the nature and basis of plaintiff's claim.

**3. Jurisdiction— personal—long-arm statute—minimum contacts**

Plaintiff's complaint for negligent infliction of emotional distress should not have been dismissed based on lack of personal jurisdiction even though defendant doctor was a citizen and resident of Alabama, because: (1) defendant is the owner of a medical practice doing business in North Carolina; (2) North Carolina's long-arm statute reaches defendants whose solicitation or services activities were carried on within this State by or on behalf of defendant; and (3) as an owner of a business in North Carolina, defendant purposefully availed himself of the privilege of conducting activities within the state and invoked the protection of the laws thus satisfying the minimum contacts requirement.

**4. Medical Malpractice— HIPAA rights—duty of care**

The Health Insurance Portability and Accountability Act (HIPAA) is inapplicable to this case beyond providing evidence of the duty of care owed by defendant doctor with regard to the privacy of plaintiff's medical records, because plaintiff's complaint does not state a cause of action under HIPAA.

**5. Medical Malpractice— administrative act—Rule 9(j) certification not required**

Plaintiff was not required to comply with N.C.G.S. § 1A-1, Rule 9(j) because her complaint, alleging defendant's doctor's negligent act of providing his medical access code to an office manager who in turn used it to access plaintiff's medical records, did not allege medical malpractice. Providing an access code to access certain medical files qualifies as an administrative act and not one involving direct patient care.

Appeal by plaintiff from an order entered 13 September 2005 by Judge W. Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 11 October 2006.

*Mills & Economos, L.L.P., by Larry C. Economos, for plaintiff-appellant.*

*Hornthal Riley Ellis & Maland, LLP, by John D. Leidy, for defendant-appellee Robin Byrum.*

*Battle Winslow Scott & Wiley, P.A., by Marshall A. Gallop, Jr., for defendant-appellee Shirley Smith.*

*Roswald B. Daly, Jr. and Baker Jones for defendant-appellee Beverly Edwards, M.D.*

*Poyner & Spruill, LLP, by J. Nicholas Ellis and Jenny L. Matthews, for defendant-appellee David R. Faber, II, M.D.*

HUNTER, Judge.

Heather D. Acosta ("plaintiff") appeals from an order dismissing her complaint against David R. Faber, II, M.D. ("Dr. Faber") with prejudice. For the reasons stated herein, we reverse.

The issue in this case is whether the trial court properly dismissed plaintiff's complaint as to Dr. Faber. Plaintiff argues that the complaint stated a valid claim against Dr. Faber for negligent infliction of emotional distress.

On 12 May 2005, plaintiff filed an action alleging invasion of privacy and intentional infliction of emotional distress against Robin Byrum ("Byrum") and negligent infliction of emotional distress against Dr. Faber. Similar additional claims were made against two other defendants not associated with Psychiatric Associates of Eastern Carolina ("Psychiatric Associates").

ACOSTA v. BYRUM

[180 N.C. App. 562 (2006)]

Plaintiff was a patient of Psychiatric Associates, which is located in Ahoskie, North Carolina. She was also employed by Psychiatric Associates from September 2003 until early spring of 2004. Psychiatric Associates is owned by Dr. Faber, a citizen and resident of Alabama. Byrum was the office manager at Psychiatric Associates during the time period at issue. Plaintiff alleged that Byrum had severe personal animus towards plaintiff.

Plaintiff alleged that Dr. Faber improperly allowed Byrum to use his medical record access number. Numerous times between 31 December 2003 and 3 September 2004, Byrum used Dr. Faber's access code to retrieve plaintiff's confidential psychiatric and other medical and healthcare records. Byrum then provided information contained in those records to third parties without plaintiff's authorization or consent.

Plaintiff alleged in her complaint that by providing Byrum with his access code, Dr. Faber violated the rules and regulations established by University Health Systems, Roanoke Chowan Hospital, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Plaintiff alleged that she experienced severe emotional distress, humiliation, and anguish from the exposure of her medical records to third parties. Plaintiff alleged that Dr. Faber knew or should have known that his negligence would cause severe emotional distress.

Responding to these claims, Dr. Faber filed a motion to dismiss pursuant to Rules 12(b)(2) and (6). After a hearing, the trial court granted Dr. Faber's motion to dismiss. Plaintiff appeals from that order.

## I. Interlocutory Appeal

[1] We must first decide whether this appeal is properly before the Court. When multiple parties are involved in a lawsuit, the trial court may make "a final judgment as to one or more but fewer than all of the claims or parties[.]" N.C. Gen. Stat. § 1A-1, Rule 54(b) (2005). Appeal of an order dismissing one of the parties to a suit is interlocutory. *Hoots v. Pryor*, 106 N.C. App. 397, 400, 417 S.E.2d 269, 272 (1992) ("[i]nterlocutory orders are those made during the pendency of an action which do not dispose of the case but leave it for further action by the trial court in order to settle and determine the entire controversy"). Interlocutory appeals are heard only in two circumstances: (1) when a judge certifies that there is no reason to delay the appeal;

or (2) a substantial right of the appellant is affected. *Davis v. Davis*, 360 N.C. 518, 524-25, 631 S.E.2d 114, 119 (2006).

Here, plaintiff's appeal is interlocutory as only the complaint against Dr. Faber was dismissed and claims remain against the other three defendants. Since the trial court made no certification, the dismissal must affect a substantial right of plaintiff in order for this appeal to be heard. Avoiding two trials on the same factual issues affects a substantial right because separate trials might render "inconsistent verdicts on the same factual issue." *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982). The claim against Dr. Faber is factually similar to the claims against the other three defendants. Thus, a dismissal of the claim against Dr. Faber raises the possibility of inconsistent verdicts in later proceedings. *See Clontz v. St. Mark's Evangelical Lutheran Church*, 157 N.C. App. 325, 327-28, 578 S.E.2d 654, 657 (2003) (motion to dismiss two of the defendants subject to review because of "the right to try the issues of liability as to all parties before the same jury as well as the right to avoid inconsistent verdicts in separate trials are implicated"). Dr. Faber does not dispute that this matter affects a substantial right of the plaintiff. Accordingly, we review plaintiff's appeal under the substantial right exception to the general rule prohibiting interlocutory appeals.

## II. Sufficiency of the Complaint

[2] Plaintiff argues that the complaint should not have been dismissed because it sufficiently stated a claim for negligent infliction of emotional distress against Dr. Faber. We agree.

The appropriate standard of review for a motion to dismiss is " ' "whether, as a matter of law, the allegations of the complaint . . . are sufficient to state a claim upon which relief may be granted[.]" ' " *Hunter v. Guardian Life Ins. Co. of Am.*, 162 N.C. App. 477, 480, 593 S.E.2d 595, 598 (2004) (citations omitted). The review is *de novo*. *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003). For purposes of a 12(b) motion, allegations of fact from the complaint are taken as true. *Cage v. Colonial Building Co.*, 337 N.C. 682, 683, 448 S.E.2d 115, 116 (1994). "The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." *Block v. County of Person*, 141 N.C. App. 273, 277-78, 540 S.E.2d 415, 419 (2000). The plaintiff must allege the substantive ele-

ments of a valid claim. *Hewes v. Johnston*, 61 N.C. App. 603, 604, 301 S.E.2d 120, 121 (1983).

Rule 8 of the North Carolina Rules of Civil Procedure governs complaints. A complaint must contain "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief[.]" N.C. Gen. Stat. § 1A-1, Rule 8(a)(1) (2005). The rule further states: "Each averment of a pleading shall be simple, concise, and direct." N.C. Gen. Stat. § 1A-1, Rule 8(e)(1). Moreover, notice pleadings "need not contain detailed factual allegations to raise issues." *Southern of Rocky Mount v. Woodward Specialty Sales*, 52 N.C. App. 549, 553, 279 S.E.2d 32, 34 (1981).

Plaintiff claims that Dr. Faber caused severe emotional distress to plaintiff when he negligently provided his medical access code to Byrum. The substantive elements of negligent infliction of emotional distress are: "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . . , and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990). Therefore, in analyzing the sufficiency of the complaint, the dispositive question becomes whether plaintiff sufficiently stated a claim for negligent infliction of emotional distress for which relief can be granted.

When analyzing a 12(b)(6) motion, the court is to take all factual allegations as true, but should not presume legal conclusions to be true. *Miller v. Rose*, 138 N.C. App. 582, 592, 532 S.E.2d 228, 235 (2000). The court, however, is concerned with the law of the claim, not the accuracy of the facts that support a 12(b)(6) motion. *Snyder v. Freeman*, 300 N.C. 204, 209, 266 S.E.2d 593, 597 (1980) (citation omitted) (" '[t]he function of a motion to dismiss is to test the law of a claim, not the facts which support it' "). Furthermore, " 'a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.' " *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970) (emphasis omitted) (citation omitted). In the instant case, plaintiff alleges all the substantive elements of negligent infliction of emotional distress. Moreover, plaintiff alleges sufficient facts to support these claims.

Plaintiff first contends she sufficiently alleged defendant's negligence. Plaintiff alleged that defendant negligently engaged in conduct by permitting Byrum to use his access code in violation of the rules and regulations of the University Health Systems, Roanoke Chowan Hospital, and HIPAA.

Plaintiff does not cite the exact rule or regulation of the University Health Systems, Roanoke Chowan Hospital, or HIPAA which allegedly establish Dr. Faber's duty to maintain privacy in her confidential medical records. She merely alleges that these rules provide the standard of care. Plaintiff, however, is not required in her complaint to cite the exact rule or regulation. *See* N.C. Gen. Stat. § 1A-1, Rule 8. She only must provide Dr. Faber notice of how she plans to establish the duty that was negligently breached. To require plaintiff to describe particular provisions of the rules and regulations would defeat the purpose of simple notice pleadings, i.e., to place the opposing party on notice of all claims and defenses. Further specificity is reserved for the discovery process. *See Sutton*, 277 N.C. at 102, 176 S.E.2d at 165 (citation omitted) (the complaint deemed sufficient since it put plaintiff on notice of the nature and basis of the negligence claim; " ' "notice pleading" is made possible by the liberal opportunity for discovery . . . to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues' "). Here, defendant has been placed on notice that plaintiff will use the rules and regulations of the University Health Systems, Roanoke Chowan Hospital, and HIPAA to establish the standard of care. Therefore, plaintiff has sufficiently pled the standard of care in her complaint.

Plaintiff next contends she sufficiently alleged facts to state a claim that Dr. Faber's breach proximately caused severe emotional distress. Plaintiff's complaint alleges that Dr. Faber knew or should have known that providing the medical access code to Byrum would cause plaintiff's severe emotional distress. Plaintiff also states that Dr. Faber proximately caused plaintiff to suffer severe emotional distress.

" '[T]he test of proximate cause is whether the risk of injury, not necessarily in the precise form in which it actually occurs, is within the reasonable foresight of the defendant.' " *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 479, 562 S.E.2d 887, 896 (2002) (quoting *Williams v. Carolina Power & Light Co.*, 296 N.C. 400, 403, 250 S.E.2d 255, 258 (1979)). Questions of proximate cause and foreseeability are questions of fact to be decided by the jury. *Rouse v. Jones*,

254 N.C. 575, 580, 119 S.E.2d 628, 632 (1961); *see also McIntyre v. Elevator Co.*, 230 N.C. 539, 545, 54 S.E.2d 45, 49 (1949) ("[r]arely is the court justified in deciding [proximate cause] as a matter of law"). Thus, since proximate cause is a factual question, not a legal one, it is typically not appropriate to discuss in a motion to dismiss.

*Driver v. Burlington Aviation, Inc.*, 110 N.C. App. 519, 430 S.E.2d 476 (1993), addressed an allegation of proximate cause in a claim for negligent infliction of emotional distress. There, a husband and wife were severely injured when the plane they rented crashed. *Id.* at 521, 430 S.E.2d at 479. They sued the plane manufacturer and the owner of the plane, asserting seven claims for relief, including negligent infliction of emotional distress. *Id.* at 521-23, 430 S.E.2d at 479. In their complaint, the plaintiffs sought to establish proximate cause by alleging that " '[t]he negligence of Cessna Aircraft and Burlington Aviation as alleged herein actually and proximately caused the damages to the plaintiffs.' " *Id.* at 523, 430 S.E.2d at 479. Despite this pleading, the trial court dismissed all the claims pursuant to a 12(b)(6) motion. *Id.*

The Court of Appeals reversed the dismissal of the negligence and negligent infliction of emotional distress claims. *Id.* at 531, 430 S.E.2d at 484. Because the plaintiffs alleged that the defendants' negligence "actually and proximately caused . . . severe emotional distress[,]" the Court held that the motion to dismiss the negligence and negligent infliction of emotional distress claims should not have been granted. *Id.*

Plaintiff in this case pled the following two paragraphs in her complaint: "59. Dr. Faber knew or should have known that his negligence, as described above, was likely to cause Plaintiff severe emotional distress. 60. Dr. Faber's negligence, as described above, proximately caused Plaintiff to suffer severe emotional distress, humiliation and mental anguish." These allegations of foreseeability and proximate cause are strikingly similar to those made in *Driver*.

Additionally, plaintiff alleged the following relevant facts to support that allegation: Dr. Faber knew of the severe personal animus Byrum had for plaintiff, Dr. Faber allowed Byrum to use his medical access code, Byrum used that code to access and obtain plaintiff's confidential medical records, and consequently, plaintiff suffered severe emotional distress, humiliation, and mental anguish. These facts are sufficient to support plaintiff's claim of negligent infliction

of emotional distress. *See also Zenobile v. McKecuen,* 144 N.C. App. 104, 110-11, 548 S.E.2d 756, 760-61 (2001) (sufficient facts alleged to support a claim of negligent infliction of emotional distress).

Plaintiff next contends she alleged sufficient facts to support a claim of severe emotional distress. Our Supreme Court discussed what is required of a complaint to establish the element of severe emotional distress in *McAllister v. Ha,* 347 N.C. 638, 496 S.E.2d 577 (1998). In *McAllister,* the Court considered a motion to dismiss a negligent infliction of emotional distress claim against a doctor. *Id.* at 645-46, 496 S.E.2d at 582-83. The doctor tested the plaintiffs for sickle-cell disease so the plaintiffs could decide whether to have another child. *Id.* at 640, 496 S.E.2d at 580. The doctor was to call with the results only if there was anything to be concerned about, but he failed to do this when the results indicated a heightened risk of sickle-cell disease for any child born. *Id.* The child was born with a sickle-cell disease, and the parents sued the doctor claiming negligent infliction of emotional distress. *Id.* at 640-41, 496 S.E.2d at 580.

In the complaint, the "[p]laintiffs alleged that defendant's negligence caused them 'extreme mental and emotional distress,' specifically referring to plaintiff-wife's fears regarding her son's health and her resultant sleeplessness." *Id.* at 646, 496 S.E.2d at 583. The Court acknowledged the sparseness of this allegation of extreme emotional distress, but nevertheless held it sufficient to state a claim for negligent infliction of emotional distress. *Id.* The allegation was sufficient so long as it provided the " 'defendant notice of the nature and basis of plaintiffs' claim so as to enable him to answer and prepare for trial.' " *Id.* (citation omitted).

Similar to *McAllister,* plaintiff here claimed that defendant's negligence caused severe emotional distress, humiliation, and mental anguish. This allegation alone, when combined with her other factual claims, placed defendant on " 'notice of the nature and basis of plaintiff's claim[.]' " *Id.* (citation omitted). Therefore, plaintiff's factual and legal allegations are sufficient to state a claim for negligent infliction of emotional distress.

Since all the elements of negligent infliction of emotional distress were alleged and plaintiff stated relevant facts to support those elements, the complaint sufficiently stated a claim for negligent infliction of emotional distress, and the trial court erred in dismissing plaintiff's complaint for failure to state a claim.

### III. Personal Jurisdiction

[3] Plaintiff argues that Dr. Faber was subject to the personal jurisdiction of North Carolina. Since personal jurisdiction was proper, plaintiff contends, the complaint should not have been dismissed for lack of personal jurisdiction. We agree.

Dr. Faber's motion to dismiss also alleged that defendant was not subject to personal jurisdiction in North Carolina. Dr. Faber is a citizen and resident of Alabama. He, however, is the owner of Psychiatric Associates, a company doing business in North Carolina.

For jurisdiction to be proper, North Carolina's long arm statute must authorize jurisdiction and the defendant must be afforded his constitutional right to due process. *Better Business Forms, Inc. v. Davis*, 120 N.C. App. 498, 500, 462 S.E.2d 832, 833 (1995). North Carolina's long-arm statute reaches defendants whose "[s]olicitation or services activities were carried on within this State by or on behalf of the defendant[.]" N.C. Gen. Stat. § 1-75.4(4)(a) (2005). Dr. Faber was the owner of a medical practice whose activities were carried on within North Carolina. Thus, North Carolina's long arm statute applies to Dr. Faber.

North Carolina cannot assert personal jurisdiction over Dr. Faber unless he is afforded his due process rights. That is, Dr. Faber must have "minimum contacts" with North Carolina. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945). He also must purposefully avail himself of the privilege of conducting activities within North Carolina and have invoked the·benefits and protection of the laws of North Carolina. *Id.* at 319, 90 L. Ed. at 103-04. As owner of a business in North Carolina, Dr. Faber purposefully availed himself within the state and invoked the protection of the laws. Thus, Dr. Faber had minimal contacts with the state. Accordingly, since the long arm statute reaches Dr. Faber and he had minimum contacts with the state, jurisdiction over Dr. Faber is proper in this matter.

### IV. HIPAA violation

[4] Plaintiff contends that no claim for an alleged HIPAA violation was made and therefore dismissal on the grounds that HIPAA does not grant an individual a private cause of action was improper. We agree.

In her complaint, plaintiff states that when Dr. Faber provided his medical access code to Byrum, Dr. Faber violated the rules and regulations established by HIPAA. This allegation does not state a cause of action under HIPAA. Rather, plaintiff cites to HIPAA as evidence of

the appropriate standard of care, a necessary element of negligence. Since plaintiff made no HIPAA claim, HIPAA is inapplicable beyond providing evidence of the duty of care owed by Dr. Faber with regards to the privacy of plaintiff's medical records.

## V. Rule 9(j)

**[5]** Plaintiff also contends that as the complaint does not allege medical malpractice, plaintiff was not required to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. We agree.

Rule 9(j) requires plaintiffs alleging medical malpractice to obtain, prior to filing suit, certification from an expert willing to testify that the doctor did not comply with the applicable standard of care. N.C. Gen. Stat. § 1A-1, Rule 9(j) (2005). A medical malpractice action is defined as "a civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional services *in the performance of* medical, dental, or other health care by a health care provider." N.C. Gen. Stat. § 90-21.11 (2005) (emphasis added).

*Estate of Waters v. Jarman*, 144 N.C. App. 98, 547 S.E.2d 142 (2001), discusses the applicability of the "in the performance of" standard. There, the plaintiff sued the hospital for the allegedly negligent acts of three of its physicians under theories of respondent superior and corporate negligence. *Id.* at 98-99, 547 S.E.2d at 143. For the corporate negligence claim, the plaintiff alleged that the hospital was negligent by failing to adequately assess the physicians' credentials before granting hospital privileges, by continuing the physicians' privileges at the hospital, by failing to monitor and oversee the physicians' performances, and by failing to follow its own procedures. *Id.* at 99, 547 S.E.2d at 143.

This Court placed claims against hospitals into two categories: (1) those that directly involve the hospital's clinical care of the patient; and (2) those relating to the negligent management or administration of the hospital. *Id.* at 101, 547 S.E.2d at 144. *Jarman* held that the former qualifies as a medical malpractice claim governed by Rule 9(j) while the latter should proceed under ordinary negligence principles. *Id.* at 103, 547 S.E.2d at 145. This Court held that "only those claims which assert negligence on the part of the hospital which arise out of the provision of clinical patient care constitute medical malpractice actions and require Rule 9(j) certification." *Id.*; *see also Sharpe v. Worland*, 147 N.C. App. 782, 784, 557 S.E.2d 110, 112 (2001) ("Rule 9(j) certification is not necessary for ordinary neg-

**IN RE J.N.S.**

[180 N.C. App. 573 (2006)]

ligence claims, even if defendant is a health care provider"). Therefore, plaintiff only needs to comply with the provisions of Rule 9(j) when alleging negligence that "arise[s] out of the provision of clinical patient care." *Jarman,* 144 N.C. App. at 103, 547 S.E.2d at 145.

Here, Dr. Faber's alleged negligent act was providing his medical access code to Byrum. Providing an access code to access certain medical files qualifies as an administrative act, not one involving direct patient care. Therefore, Rule 9(j) is inapplicable; plaintiff did not need certification before filing suit.

## VI.  Conclusion

Plaintiff's complaint should not have been dismissed because plaintiff sufficiently stated a claim for negligent infliction of emotional distress against Dr. Faber, personal jurisdiction over Dr. Faber was proper, no HIPAA violation was alleged in the complaint, and Rule 9(j) is inapplicable. Accordingly, we reverse the decision of the trial court dismissing plaintiff's complaint against Dr. Faber.

Reversed.

Judges HUDSON and CALABRIA concur.

---

IN RE:  J.N.S.