THOMAS FRANKLIN CRAVEN, Plaintiff v. SEIU COPE, Defendant

No. COA07-925

(Filed 19 February 2008)

**1. Libel and Slander— political campaign—rhetorical hyperbole and opinion**

Statements in a political campaign did not support a claim of defamation per se where they were either matters of personal opinion or rhetorical hyperbole no reasonable reader would believe.

**2. Constitutional Law— statements in political campaign— not shielded**

Statements in a political campaign (which were not defamatory per se) were not constitutionally shielded; defendant was not free to make whatever assertions it desired.

**3. Unfair Trade Practices— political campaign—underlying defamation claim—without merit**

A claim for unfair and deceptive trade practices arising from statements made in a political campaign was correctly dismissed where the underlying defamation claim was correctly dismissed and there were no other allegations of tortious conduct.

Appeal by plaintiff from judgment entered 16 April 2007 by Judge Ronald Stephens in Wake County Superior Court. Heard in the Court of Appeals 17 January 2008.

*Boyce & Isley, PLLC, by Philip R. Isley, for plaintiff-appellant.*

*Parker, Poe, Adams & Bernstein, LLP, by Robert W. Spearman, Scott E. Bayzle, and Matthew H. Mall, for defendant-appellee.*

TYSON, Judge.

Thomas Franklin Craven ("plaintiff") appeals from judgment entered, which granted SEIU COPE's ("defendant") motion to dismiss plaintiff's claims pursuant to North Carolina Rule of Civil Procedure 12(b)(6). We affirm.

## I. Background

On 24 October 2006, plaintiff filed a complaint and alleged claims against defendant of: (1) defamation *per se*; (2) unfair and deceptive

trade practices; and (3) false and fraudulent political advertisement pursuant to N.C. Gen. Stat. § 163-274. Plaintiff alleged defendant had published a series of defamatory statements through the United States mail prior to the 2005 Raleigh City Council election, which: (1) "defamed and libeled [plaintiff] in his profession and means of livelihood[]" as a professional engineer; (2) "were done in the course and scope of commercial activity in the State of North Carolina[;]" (3) "were made in bad faith, were unethical, were unfair to [plaintiff], were deceptive to the public and were intended to harm [plaintiff] in his personal and professional activities[;]" and (4) had "disparaged [plaintiff's] professional reputation, and show that [plaintiff] engages in criminal conduct and such false and fraudulent political advertisements violate N.C. Gen. Stat. § 163-274."

On 30 January 2007, defendant moved to dismiss all claims pursuant to North Carolina Rule of Civil Procedure 12(b)(6). Defendant's motion to dismiss asserted the statements: (1) were not defamatory; (2) were "political speech constitutionally protected by the First Amendment and Article I, Section 14 of the Constitution of North Carolina[;]" (3) were made in the context of a political campaign; (4) did not relate to plaintiff's profession; and (5) did not arise in or affect commerce. Defendant's motion to dismiss also stated that "[p]laintiff may not assert an alleged violation of N.C. Gen. Stat. § 163-274 as a civil claim in this litigation." Defendant's motion to dismiss requested the trial court: (1) dismiss plaintiff's claims; (2) tax the costs of the action against plaintiff; (3) award defendant attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1(2) and N.C. Gen. Stat. § 6-21.5; and (4) award such other relief as the trial court deemed to be just and proper.

On 18 April 2007, the trial court filed its order and judgment which: (1) concluded that plaintiff's complaint failed to state a claim upon which relief can be granted; (2) allowed defendant's motion to dismiss plaintiff's complaint pursuant to North Carolina Rule of Civil Procedure 12(b)(6); and (3) denied defendant's request for attorney's fees. Plaintiff appeals from only the dismissal of his defamation and unfair and deceptive trade practices claims.

## II. Issue

Plaintiff argues the trial court erred when it granted defendant's motion to dismiss plaintiff's claims of defamation and unfair and deceptive trade practices pursuant to North Carolina Rule of Civil Procedure 12(b)(6).

## III.  Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. *The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief.*

*Hunter v. Guardian Life Ins. Co. of Am.*, 162 N.C. App. 477, 480, 593 S.E.2d 595, 598 (internal quotations omitted) (emphasis supplied), *disc. rev. denied*, 358 N.C. 543, 599 S.E.2d 49 (2004). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd*, 357 N.C. 567, 597 S.E.2d 673 (2003).

## IV.  Motion to Dismiss Pursuant to Rule 12(b)(6)

Plaintiff argues the trial court erred when it granted defendant's motion to dismiss plaintiff's claims of defamation and unfair and deceptive trade practices, pursuant to North Carolina Rule of Civil Procedure 12(b)(6), "because the complaint states claims for relief upon which relief may be granted as a matter of law." We disagree.

### A.  Defamation

**[1]** "In order to recover for defamation, a plaintiff must allege that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person." *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 29, 568 S.E.2d 893, 897 (2002) (citation omitted), *disc. rev. denied*, 357 N.C. 163, 580 S.E.2d 361, *cert. denied*, 540 U.S. 965, 157 L. Ed. 2d 310 (2003). "[T]he term defamation applies to the two distinct torts of libel and slander." *Id.* at 29, 568 S.E.2d at 898.

North Carolina law recognizes three classes of libel: (1) publications obviously defamatory which are called libel *per se*; (2) publications susceptible of two interpretations one of which is defamatory and the other not; and (3) publications not obviously defamatory but when considered with innuendo, colloquium, and

explanatory circumstances become libelous, which are termed libels *per quod.*

*Daniels v. Metro Magazine Holding Co., L.L.C.,* 179 N.C. App. 533, 538, 634 S.E.2d 586, 590 (2006) (citation omitted), *disc. rev. denied,* 361 N.C. 692, 654 S.E.2d 251 (2007). "To be actionable, a defamatory statement must be false and must be communicated to a person or persons other than the person defamed." *Andrews v. Elliot,* 109 N.C. App. 271, 274, 426 S.E.2d 430, 432 (1993) (citation omitted).

> There are, moreover, constitutional limits on the type of speech subject to a defamation action. If a statement cannot reasonably be interpreted as stating actual facts about an individual, it cannot be the subject of a defamation suit. Rhetorical hyperbole and expressions of opinion not asserting provable facts are protected speech. . . . Although someone cannot preface an otherwise defamatory statement with "in my opinion" and claim immunity from liability, a pure expression of opinion is protected because it fails to assert actual fact. Rhetorical hyperbole, in contrast, might appear to make an assertion, but a reasonable reader or listener would not construe that assertion seriously. . . .
>
> In determining whether a statement can be reasonably interpreted as stating actual facts about an individual, courts look to the circumstances in which the statement is made. Specifically, we consider whether the language used is loose, figurative, or hyperbolic language, as well as the general tenor of the article.

*Daniels,* 179 N.C. App. at 539-40, 634 S.E.2d at 590 (internal citations and quotations omitted). "[D]ebate on public issues should be uninhibited, robust, and wide-open, and . . . it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times Co. v. Sullivan,* 376 U.S. 254, 270, 11 L. Ed. 2d 686, 701 (1964).

In *Boyce & Isley, PLLC,* this Court held that "[t]he allegations in [the] plaintiffs' complaint sufficiently pled their claim of defamation by defendants to overcome a Rule 12(b)(6) motion to dismiss." 153 N.C. App. at 35, 568 S.E.2d at 901 (citation omitted). This Court stated:

> the average viewer [of the defendant's political advertisement] was left solely with the following information about plaintiffs: that they (1) sued the State; (2) charged (and therefore received) $28,000 per hour to taxpayers to do so; (3) that this

sum represented more than a policeman's annual salary; and (4) that a judge had pronounced that plaintiffs' behavior "shocked the conscience."

*Id.* at 32, 568 S.E.2d at 899. This Court concluded the "[d]efendants' statements directly maligned plaintiffs in their profession by accusing them of unscrupulous and avaricious billing practices." *Id.*

Here, plaintiff's complaint alleged that a series of mailings defendant published were defamatory *per se*. The mailings stated: (1) if elected, plaintiff "would raise your taxes to pay for new development[;]" and (2) "[plaintiff] [is] against making development pay for itself." One mailing also showed a picture of a well-dressed, cigar-smoking "developer" with plaintiff's and another candidate's names and photographs sticking out of the "developer's" jacket pocket.

The statements and image contained in defendant's mailings are either matters of personal opinion or rhetorical hyperbole no reasonable reader would believe. Whether plaintiff would "raise . . . taxes" to pay for new development or whether plaintiff is "against making development pay for itself" are defendant's political opinion and campaign assertions, which are incapable of being actually or factually proven or disproven. The image of a well-dressed, cigar-smoking "developer" with plaintiff's and another candidate's names and photographs hanging out of the "developer's" jacket pocket is rhetorical hyperbole, which no reasonable reader would believe to be literally true. Any reasonable reader would liken defendant's assertions as similar to P.T. Barnum's historical political humbug and not as "statements [which] directly maligned plaintiff[] in [his] profession by accusing [him] of unscrupulous and avaricious . . . practices." *Id.*

[2] Defendant asserts that because these statements arose during an election for public office, defendant is constitutionally shielded and allowed to make whatever assertions it desired, free from liability for defamation. We disagree.

At the time the First Amendment was adopted, as today, there were those unscrupulous enough and skillful enough to use the deliberate or reckless falsehood as an effective political tool to unseat the public servant or even topple an administration. That speech is used as a tool for political ends does not automatically bring it under the protective mantle of the Constitution. For the use of the known lie as a tool is at once at odds with the premises of democratic government and with the orderly manner in which economic, social, or political change is to be effected. Calculated

falsehood falls into that class of utterances which are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality. Hence the knowingly false statement and the false statement made with reckless disregard of the truth, do not enjoy constitutional protection.

*Garrison v. Louisiana*, 379 U.S. 64, 75, 13 L. Ed. 2d 125, 133 (1964) (internal citation and quotation omitted).

Defendant's statements and assertions contained in the mailings do not support a claim of defamation *per se. Daniels*, 179 N.C. App. at 539, 634 S.E.2d at 590. The trial court correctly dismissed plaintiff's defamation claim pursuant to North Carolina Rule of Civil Procedure 12(b)(6). This assignment of error is overruled.

### B. Unfair and Deceptive Trade Practices

[3] A claim [of unfair and deceptive trade practices] under section 75-1.1 of the North Carolina General Statutes requires proof of three elements: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, which (3) proximately caused actual injury to the claimant. A libel *per se* of a type impeaching a party in its business activities is an unfair or deceptive act in or affecting commerce in violation of [N.C. Gen. Stat.] § 75-1.1, which will justify an award of damages for injuries proximately caused. . . . To recover, a plaintiff must have suffered actual injury as a proximate result of the deceptive statement or misrepresentation.

*Boyce & Isley, PLLC*, 153 N.C. App. at 35-36, 568 S.E.2d at 901-02 (internal citations and quotation omitted).

Plaintiff concedes that his claim of unfair and deceptive trade practices necessarily depends upon the validity of his alleged defamation *per se* claim. *Id.* We have held that the trial court properly dismissed plaintiff's defamation claim. In the absence of allegations of other tortious conduct, from which plaintiff "suffered actual injury . . . ." the trial court properly dismissed plaintiff's claim for unfair and deceptive trade practices. *Id.* at 36, 568 S.E.2d at 902. This assignment of error is overruled.

### V. Conclusion

Defendant's political mailings about which plaintiff complains contain either: (1) expressions of pure opinion not capable of being

proven or disproven or (2) rhetorical hyperbole which no reasonable reader would believe. The statements and assertions contained in these mailings do not support a claim of defamation. *Daniels*, 179 N.C. App. at 539, 634 S.E.2d at 590. The trial court properly dismissed plaintiff's defamation claim.

Plaintiff's claim for unfair and deceptive trade practices necessarily depends on the validity of his defamation claim. *Boyce & Isley, PLLC*, 153 N.C. App. at 35-36, 568 S.E.2d at 902. In the absence of other alleged tortious conduct by defendant, the trial court properly dismissed this claim. The trial court's order, granting defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to North Carolina Rule of Civil Procedure 12(b)(6), is affirmed.

Affirmed.

Judges GEER and STROUD concur.