IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-350

 Filed: 19 November 2019

Mecklenburg County, No. 18 CVS 5560

BETTY LOU DEMARCO, Plaintiff,

 v.

CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY d/b/a CAROLINAS
HEALTHCARE SYSTEM, CAROLINAS PHYSICIANS NETWORK, INC. d/b/a
CABARRUS FAMILY MEDICINE, P.A., and CABARRUS FAMILY MEDICINE-
HARRISBURG, CAROLINAS MEDICAL CENTER-NORTHEAST d/b/a
NORTHEAST WOMEN’S HEALTH & OBSTETRICS, Defendants.

 Appeal by plaintiff from order entered 7 January 2019 by Judge Adam M.

Conrad in Mecklenburg County Superior Court. Heard in the Court of Appeals

17 October 2019.

 Stubbs & Perdue, P.A., by Matthew W. Buckmiller and Joseph Z. Frost, for
 plaintiff.

 Alston & Bird, LLP, by Brian D. Boone, Michael R. Hoernlein, and Rebecca L.
 Gauthier, for defendants.

 ARROWOOD, Judge.

 Betty Lou Demarco (“plaintiff”) appeals from order granting motion of

Charlotte-Mecklenburg Hospital Authority, Carolinas Physicians Network, Inc., and

Carolinas Medical Center-Northeast (“defendants”) to dismiss plaintiff’s claims with

prejudice pursuant to N.C.R. Civ. P. 12(b)(6) (2019). For the following reasons, we

affirm in part, reverse in part, and remand.
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

 I. Background

 This case arises from an error in plaintiff’s medical records. Plaintiff’s

complaint alleges that she is a 76-year-old woman who receives disability

compensation from the U.S. Department of Labor’s Office of Worker’s Compensation

Programs (“OWCP”). Under OWCP policy, plaintiff is required to undergo annual

medical evaluations which are sent by plaintiff’s doctors to OWCP. In preparation

for an upcoming medical evaluation, plaintiff requested a copy of her medical record

from her previous annual evaluation from Dr. Katherine Foster (“Dr. Foster”), an

employee of defendants. One document in plaintiff’s medical record, titled “Problem

List,” catalogues instances in which her attending physicians have recorded her

various ailments over time, along with information concerning when the problem was

last updated and whether or not it is ongoing or resolved.

 Upon receipt of her medical record, plaintiff discovered erroneous entries in

the Problem List. The Problem List contained two entries (“the erroneous entries”)

created in 2011 by Dr. Linda Bresnahan (“Dr. Bresnahan”), an employee of

defendants Charlotte-Mecklenburg Hospital Authority and Carolinas Medical

Center-Northeast. The erroneous entries indicated that plaintiff had been diagnosed

with “gonococcal infection (acute) of lower genitourinary tract” and “gonorrhea” in

2011, which were “resolved” in January of 2016. Plaintiff has neither been diagnosed

with nor treated for any sexually transmitted disease in her lifetime.

 -2-
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

 Plaintiff contacted Dr. Bresnahan to address the erroneous entries, and Dr.

Bresnahan admitted that they had been “added to [her] chart erroneously in Dec[.]

2011[,]” “found no reason” why they were entered, and had no explanation for how

the erroneous entries had been added to her medical record. To address this mistake,

Dr. Bresnahan amended the Problem List for the erroneous entries by adding

language reflecting that the diagnoses had been “canceled” and “entered in error”

(hereinafter “the annotated entries”).

 Thereafter, plaintiff repeatedly insisted that this solution was insufficient and,

per defendants’ privacy policy and the Health Insurance Portability and

Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (“HIPAA”)

regulations, requested an amendment of her medical record to completely erase the

annotated entries from her medical record. Defendants deemed their response

sufficient to address the problem and took no further action to change the Problem

List in plaintiff’s medical record.1 In January of 2018, Dr. Foster conducted plaintiff’s

annual medical evaluation for submission to OWCP. Dr. Foster sent OWCP the

medical evaluation along with the rest of plaintiff’s medical record, including the

annotated entries.

 Defendants’ refusal to comply with plaintiff’s request to completely erase the

annotated entries from her medical record led plaintiff to file her complaint in the

 1
 Plaintiff notes that defendants did erase the annotated entries entirely after the filing of her
complaint in the instant case.

 -3-
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

instant case, asserting claims of negligence, negligent infliction of emotional distress,

intentional infliction of emotional distress, and defamation. Defendants responded

by moving to dismiss the complaint with prejudice for failure to state a claim upon

which relief could be granted, pursuant to N.C.R. Civ. P. 12(b)(6). A hearing on this

motion was held at the 6 November 2018 civil session of Mecklenburg County

Superior Court. The trial court entered an order granting defendants’ motion, and

this appeal followed.

 II. Discussion

 Plaintiff argues that the trial court erred in dismissing her claims of

negligence, negligent infliction of emotional distress, and defamation pursuant to

Rule 12(b)(6), for failure to state a claim upon which relief can be granted.2 We

address each argument in turn.

 A. Standard of Review

 “We review appeals from dismissals under Rule 12(b)(6) de novo.” Arnesen v.

Rivers Edge Golf Club & Plantation, Inc., 368 N.C. 440, 448, 781 S.E.2d 1, 8 (2015)

(citations omitted).

 Dismissal of an action under Rule 12(b)(6) is appropriate
 when the complaint fail[s] to state a claim upon which
 relief can be granted. [T]he well-pleaded material
 allegations of the complaint are taken as true; but
 conclusions of law or unwarranted deductions of fact are

 2 Plaintiff has abandoned a fourth assignment of error on appeal regarding the trial court’s

dismissal of her claim for intentional infliction of emotional distress. See N.C.R. App. P. 28(a) (2019)
(“Issues not presented and discussed in a party’s brief are deemed abandoned.”).

 -4-
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

 not admitted. When the complaint on its face reveals that
 no law supports the claim, reveals an absence of facts
 sufficient to make a valid claim, or discloses facts that
 necessarily defeat the claim, dismissal is proper.

Id. at 448, 781 S.E.2d at 7-8 (internal quotation marks and citations omitted).

 B. Negligence

 Plaintiff first argues that dismissal of her negligence claim was improper

because her complaint adequately pleaded a legally viable claim against defendants.

We agree.

 Under the common law, a person who has sustained
 injuries due to the negligent conduct of another may
 recover against the tortfeasor provided that the negligent
 behavior was the proximate cause of the injuries suffered.
 The elements of common law negligence . . . [are] as
 follows:

 1. A duty, or obligation, recognized by the law,
 requiring the actor to conform to a certain
 standard of conduct, for the protection of others
 against unreasonable risks[;]

 2. A failure on his part to conform to the standard
 required[;]

 3. A reasonabl[y] close causal connection between
 the conduct and the resulting injury[; and]

 4. Actual loss or damage resulting to the interests
 of another[.]

 -5-
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

Hutchens v. Hankins, 63 N.C. App. 1, 12-13, 303 S.E.2d 584, 591-92 (1983) (emphasis,

alterations, and internal citations omitted). We address whether plaintiff has

sufficiently pleaded each element of negligence in turn.

 1. Duty

 First, plaintiff’s complaint asserts that defendants owed a duty to her as their

patient “to exercise reasonable care, skill, and diligence to ensure that the protected

health information contained in Plaintiff’s medical records was accurate and correct,

and did not contain any erroneous diagnoses or treatments” and to “prevent . . .

dissemination of false, inaccurate, offensive, and derogatory protected health

information relating to Plaintiff to third parties[.]” Plaintiff’s complaint contends this

duty is based upon both common law principles and HIPAA.

 It is well established that hospitals and doctors in their employ owe their

patients a duty to exercise the degree of care that a reasonable person would in

similar circumstances to prevent an unreasonable risk of harm to their patients.

Blanton v. Moses H. Cone Mem’l Hosp., Inc., 319 N.C. 372, 375, 354 S.E.2d 455, 457-

58 (1987) (citing Rabon v. Rowan Mem’l Hosp., Inc., 269 N.C. 1, 152 S.E.2d 485 (1967)

(general duty of care); Hoke v. Glenn, 167 N.C. 594, 83 S.E. 807 (1914) (duty of

reasonable care in selecting agents); Payne v. Garvey, 264 N.C. 593, 142 S.E.2d 159

(1965) (duty of reasonable care in maintaining equipment)). We have not had

occasion to consider whether or not this general duty of reasonable care extends to

 -6-
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

corrections of erroneously entered medical records. Plaintiff also argues that HIPAA

and defendants’ own privacy policy impose upon them a duty to take reasonable

measures in response to her request to correct erroneous entries in her medical

records.

 Although the existence of such a duty is an issue of first impression for this

Court, we have previously held that HIPAA, its implementing regulations, and

hospital privacy policies may be used to plead a specific standard of care sufficient to

overcome dismissal under Rule 12(b)(6). See Acosta v. Byrum, 180 N.C. App. 562, 638

S.E.2d 246 (2006). In Acosta, a patient sued her treating hospital for negligence

because one of its doctors provided his access code for the patient’s medical records to

an unauthorized party, who then viewed the records and shared information therein.

Id. at 565, 638 S.E.2d at 249. The patient’s complaint alleged that the defendant

hospital owed her a duty to conform to a standard of care established by HIPAA and

its own privacy policy, which it breached when its doctor gave his password to an

unauthorized individual. Id. The complaint did not mention any specific provisions

of HIPAA or the hospital’s privacy policy which established this standard of care. Id.

at 568, 638 S.E.2d at 250-51. We held that the patient was “not required in her

complaint to cite the exact rule or regulation. See N.C. Gen. Stat. § 1A-1, Rule 8. She

only must provide [defendants] notice of how she plan[ned] to establish the duty that

was negligently breached.” Acosta, 180 N.C. App. at 568, 638 S.E.2d at 251. The

 -7-
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

patient’s complaint sufficiently pleaded the element of duty for the purposes of Rule

12(b)(6) because it provided the hospital notice that she intended to use HIPAA and

the hospital’s own policy to establish the duty and standard of care. Id.

 In Acosta, it was much more evident that the defendant’s conduct violated

several explicit prohibitions in HIPAA. However, we find the aforementioned

principle in Acosta applicable here. Plaintiff’s complaint likewise does not cite any

specific provisions of HIPAA or defendants’ privacy policy which establish their duty

to respond reasonably to her request to remove the annotated entries from her

medical record. As in Acosta, we hold that plaintiff’s complaint sufficiently pleads

defendants’ duty to adhere to a particular standard of care because it notifies

defendants that she plans to use HIPAA and defendants’ own privacy policy to

establish their duty to act reasonably in response to her request to remove an

erroneously entered diagnosis from her medical records.3

 2. Breach

 Accordingly, we also hold that plaintiff’s complaint adequately pleads breach

of duty. The complaint asserts that defendants failed to meet the alleged standard of

 3 At oral argument, counsel for defendants suggested that HIPAA preempts tort claims arising
from the creation and sharing of medical records. We need not address this argument because
defendants did not raise it at trial. See N.C.R. App. P. 10(a)(1) (2019) (requiring parties to raise
arguments and objections before trial court and obtain rulings thereon in order to preserve for
appellate review); State v. Holliman, 155 N.C. App. 120, 123, 573 S.E.2d 682, 685 (2002) (“[W]here a
theory argued on appeal was not raised before the trial court, the law does not permit parties to swap
horses between courts in order to get a better mount in the appellate courts.”) (internal quotation
marks and citations omitted).

 -8-
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

care by, among other things, adding annotations to the erroneous entries rather than

erasing them entirely. See Acosta, 180 N.C. App. at 568, 638 S.E.2d at 251 (implicitly

addressing breach in discussion of standard of care).

 Defendants argue that they did not breach their duty to plaintiff as a matter

of law, citing Thornburg v. Long, 178 N.C. 589, 101 S.E. 99 (1919). In Thornburg, our

Supreme Court held that a doctor does not breach his common law duty of care when

he makes “an honest mistake or error of judgment in making a diagnosis . . ., where

there is ground for reasonable doubt as to the practice to be pursued.” Id. at 591, 101

S.E.2d at 100. The Supreme Court held that the defendant doctor was not liable for

misdiagnosing the patient plaintiff with syphilis, where the defendant had sent the

plaintiff’s blood sample to a laboratory for testing and returned a false indication of

the disease’s presence. Id. at 590, 101 S.E.2d at 99-100.

 We find Thornburg distinguishable from the instant case. As plaintiff notes,

“Thornburg was a case involving an actual diagnosis that turned out to be false. . . .

[Here,] the False Entry appears to have been the product of negligent recordkeeping,

not the negligence of a particular doctor in reaching the wrong conclusion about a

patient’s actual signs and symptoms.” We decline to extend the rationale of

Thornburg beyond diagnosis to cover negligence in the preparation and maintenance

of a patient’s medical records.

 -9-
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

 Furthermore, contrary to defendant’s assertion at oral argument, such medical

records do not belong to the doctor or the hospital who created them. Healthcare

providers are mere custodians of their patients’ medical records. Indeed, the

regulatory scheme implementing HIPAA makes clear that ultimate control over a

medical record lies with the patient, abridged only by enumerated exceptions. See,

e.g., N.C. Gen. Stat. § 8-53 (2017) (subject to enumerated exceptions, “medical records

shall be furnished only on the authorization of the patient”); N.C. Gen. Stat. § 90-

414.11 (2017) (recognizing patient’s rights to request restriction of use and disclosure

of medical records, access, inspect, and copy records, and request amendment of

medical records); 45 C.F.R. § 164.524(a)(1) (2019) (subject to enumerated exceptions,

“an individual has a right of access to inspect and obtain a copy of” her medical

records); 45 C.F.R. § 164.502(a) (2019) (subject to enumerated exceptions, healthcare

providers “may not use or disclose” patient’s medical records); see also Lowd v.

Reynolds, 205 N.C. App. 208, 212-15, 695 S.E.2d 479, 482-84 (2010) (stating that

patient holds physician-patient privilege, which covers medical records; deeming

plaintiff’s medical records within his “possession, custody, or control” for discovery

purposes under N.C.R. Civ. P. 34 (2019)); State v. Smith, 248 N.C. App. 804, 808, 789

S.E.2d 873, 877 (2016) (implicitly holding defendant-patient had standing to

challenge admissibility of his medical records in criminal case).

 3. Causation

 - 10 -
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

 The test of proximate cause is whether the risk of injury,
 not necessarily in the precise form in which it actually
 occurs, is within the reasonable foresight of the defendant.
 Questions of proximate cause and foreseeability are
 questions of fact to be decided by the jury. Thus, since
 proximate cause is a factual question, not a legal one, it is
 typically not appropriate to discuss in a motion to dismiss.

Acosta, 180 N.C. App. at 568-69, 638 S.E.2d at 251 (alteration, internal citations, and

quotation marks omitted). Here, the complaint alleges that the harm plaintiff

suffered was a “direct and proximate result of Defendants’ negligence” and was

“reasonably foreseeable to Defendant[s.]” Because the complaint adequately recites

the element of causation, an issue of fact for the jury to decide, plaintiff has made a

sufficient pleading of causation under Rule 12(b)(6).

 4. Damages

 An allegation of damages is sufficient under Rule 12(b)(6) “so long as it

provide[s] the defendant notice of the nature and basis of plaintiff[’s] claim so as to

enable him to answer and prepare for trial.” Acosta, 180 N.C. App. at 570, 638 S.E.2d

at 252 (internal quotation marks omitted) (citing McAllister v. Ha, 347 N.C. 638, 646,

496 S.E.2d 577, 583) (1998)). Here, plaintiff’s complaint claims that defendants’

breach of duty caused her reputational harm, marital strife and loss of consortium,

and “severe and crippling economical [sic], physical, and emotional distress, . . . pain

and suffering, [and] lost opportunities[.]” This allegation is specific enough to allow

 - 11 -
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

defendants to prepare a defense as to each of the listed grounds of harm. Thus,

plaintiff has adequately pleaded damages.

 Plaintiff’s complaint adequately pleads all four elements of negligence, stating

a claim upon which relief could theoretically be granted to her if proven. While we

express no opinion as to whether plaintiff can survive a motion for summary

judgment or prevail on the merits at trial, she has alleged sufficient facts to survive

a pre-answer motion to dismiss under Rule 12(b)(6). Therefore, the trial court erred

in granting defendants’ motion to dismiss her claim of negligence pursuant to Rule

12(b)(6). We reverse the portion of the trial court’s order dismissing plaintiff’s

negligence claim and remand for further proceedings on this matter.

 C. Negligent Infliction of Emotional Distress

 Second, plaintiff argues that the trial court erred in dismissing her claim for

negligent infliction of emotional distress. Plaintiff’s complaint alleges that

defendants’ negligence inflicted severe emotional distress upon her. Because plaintiff

has pleaded a viable claim for negligence arising from the same facts, we need only

consider whether her complaint adequately pleads damages in the form of “severe

emotional distress.”

 “To state a claim for negligent infliction of emotional distress under North

Carolina law, the plaintiff need only allege that: ‘(1) the defendant negligently

engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause

 - 12 -
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

the plaintiff severe emotional distress, and (3) the conduct did in fact cause the

plaintiff severe emotional distress.’ ” Sorrels v. M.Y.B. Hospitality Ventures of

Asheville, 334 N.C. 669, 672, 435 S.E.2d 320, 321-22 (1993) (alteration omitted)

(quoting Johnson v. Ruark Obstetrics, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990)).

As discussed supra section B.3, the issue of proximate causation and foreseeability of

harm is inappropriate for consideration on a motion to dismiss per Rule 12(b)(6).

Thus, plaintiff’s complaint will pass muster under Rule 12(b)(6) if it sufficiently

pleads severe emotional distress as damages.

 “[T]o establish severe emotional distress . . ., the plaintiff must show an

emotional or mental disorder, such as, for example, neurosis, psychosis, chronic

depression, phobia, or any other type of severe and disabling emotional or mental

condition which may be generally recognized and diagnosed by professionals trained

to do so.” Sorrels, 334 N.C. at 672, 435 S.E.2d at 322 (internal quotation marks and

citation omitted). An allegation of severe emotional distress is sufficient to overcome

dismissal under Rule 12(b)(6) so long as it provides the defendant with “notice of the

nature and basis of plaintiff[’s] claim so as to enable him to answer and prepare for

trial.” Acosta, 180 N.C. App. at 570, 638 S.E.2d at 252 (internal quotation marks and

citation omitted). We have found an allegation of severe emotional distress sufficient

where the plaintiff’s claim that the defendant’s negligence caused “severe emotional

distress, humiliation, and mental anguish[,]” when considered with the plaintiff’s

 - 13 -
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

other factual allegations, provided the defendant adequate notice with which to

prepare a defense. Id.

 In the instant case, plaintiff’s claim for negligent infliction of emotional

distress alleges that defendants’ negligence has caused plaintiff to suffer “severe and

grievous mental and emotional suffering, fright, anguish, shock, nervousness, and

anxiety” in light of her advanced age and the sordid nature of the erroneously

recorded affliction. Additionally, the factual allegations of the complaint specify that

the notion that defendants will continue to share the annotated entries in its

communications with OWCP has caused her to “develop[ ] depression, stress, anxiety,

unbridled fear, and emotional distress” which have manifested in other maladies such

as loss of hair, sleeplessness, extreme exhaustion, decreased energy levels, and

paranoia. Because these allegations are sufficient to provide defendants with enough

notice to prepare their defense as to severe emotional distress, the trial court erred

in dismissing plaintiff’s claim for negligent infliction of emotional distress. We

reverse the portion of the trial court’s order granting defendants’ motion to dismiss

and remand for further proceedings on this claim for relief.

 D. Defamation

 Third, plaintiff contends that the trial court erred in granting defendants’ Rule

12(b)(6) motion to dismiss her defamation claim. We disagree.

 - 14 -
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

 “In order to recover for defamation, a plaintiff must allege that the defendant

caused injury to the plaintiff by making false, defamatory statements of or concerning

the plaintiff, which were published to a third person.” Craven v. Cope, 188 N.C. App.

814, 816, 656 S.E.2d 729, 732 (2008) (internal quotation marks and citation omitted).

“If a statement cannot reasonably be interpreted as stating actual facts about an

individual, it cannot be the subject of a defamation suit.” Id. at 817, 656 S.E.2d at

732 (citation omitted). “In determining whether a statement can be reasonably

interpreted as stating actual facts about an individual, courts look to the

circumstances in which the statement is made.” Id. (citation omitted). The truth of

an allegedly defamatory statement is a complete defense to an action for defamation.

Long v. Vertical Techs., Inc., 113 N.C. App. 598, 602-603, 439 S.E.2d 797, 801 (1994)

(citation omitted).

 In the instant case, plaintiff’s complaint alleges that defendants defamed her

by sending her medical records including the annotated entries to OWCP. Plaintiff

contends that the initial language of diagnosis accompanied by the annotation that

the diagnosis was “entered in error” “suggest[s] that Plaintiff[ ] once presented to

Defendant[s] with signs or symptoms of a pelvic/vaginal inflammatory ailment, was

diagnosed with gonorrhea, and was later determined to have some other ailment

other than gonorrhea.” We disagree.

 - 15 -
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

 The excerpt of plaintiff’s medical record before us on appeal consists entirely

of a Problem List in which her attending physicians have recorded her various

ailments over time, along with information concerning when the problem was last

updated and whether it is ongoing or resolved. The Problem List does not support

plaintiff’s contention because no other entries suggest that plaintiff once had some

other ailment presenting symptoms similar to those of gonorrhea. Moreover, the five

year span between the initial entry of diagnosis and subsequent correction does not

suggest that plaintiff was subsequently diagnosed and treated for some other ailment

based upon the same symptoms.

 The annotated entries, viewed in the context of the Problem List in its entirety,

are reasonably interpreted to state that Dr. Bresnahan entered records of diagnoses

for “gonococcal infection (acute) of lower genitourinary tract” and “gonorrhea” in 2011,

that were last updated in 2016 to reflect that these entries were “cancelled” because

they were “entered in error.” A statement which acknowledges its own falsity is true,

and thus immune from liability for defamation. Because plaintiff has failed to plead

that defendants communicated a false statement, we affirm the trial court’s order

dismissing plaintiff’s defamation claim pursuant to Rule 12(b)(6).

 III. Conclusion

 For the foregoing reasons, we affirm that portion of the trial court’s order

dismissing plaintiff’s defamation claim, reverse those portions dismissing plaintiff’s

 - 16 -
 DEMARCO V. CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY

 Opinion of the Court

claims for negligence and negligent infliction of emotional distress, and remand for

further proceedings not inconsistent with this opinion.

 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

 Judges COLLINS and HAMPSON concur.

 - 17 -