IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-761

Filed 4 March 2026

Mecklenburg County, No. 24CV050759-590

SANDRA D'ELOSUA VASTOLA, Plaintiff,

v.

CHARLOTTE-MECKLENBURG LODGE 9 OF THE FRATERNAL ORDER OF POLICE, INC. AND DANIEL REDFORD, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS PRESIDENT, Defendants.

Appeal by plaintiff from order entered 4 April 2025 by Judge Matt Osman in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 February 2026.

*Hairston Lane, PA, by James E. Hairston, Jr., for plaintiff-appellant.*

*McAngus Goudelock & Courie, PLLC, by Jeffrey B. Kuykendal and Heather G. Connor, for defendants-appellees.*

FLOOD, Judge.

Plaintiff Sandra D'elosua Vastola appeals from an order granting a motion to dismiss her claims for slander and libel by Defendants Charlotte-Mecklenburg Lodge 9 of the Fraternal Order of Police, Inc. and Daniel Redford. On appeal, Plaintiff argues the trial court incorrectly designated her a limited public figure for purposes of its defamation analysis and, in the alternative, erred in dismissing her claims because she met the heightened pleading standard applicable to public figures. Because we conclude the statements forming the basis for her slander and libel claims

VASTOLA V. CHARLOTTE-MECKLENBURG LODGE 9 OF THE FRATERNAL ORD. OF POLICE, INC.

*Opinion of the Court*

were not defamatory as a matter of law, we do not address whether Plaintiff was a public figure, limited or otherwise. Accordingly, we affirm.

## I. Factual and Procedural Background

This appeal concerns the sufficiency of Plaintiff's amended complaint, filed 14 January 2025, to state a claim upon which relief could be granted. The amended complaint alleged that Defendants had made statements about Plaintiff amounting to libel and slander. Specifically, Plaintiff claimed that, in the wake of an incident in April of 2024 in which four law enforcement officers were killed, a local news station questioned Plaintiff—the Director of Public Affairs at the Charlotte-Mecklenburg Police Department—about certain officers of the department "who logged off and did not show up during the incident." Plaintiff declined to respond to many of the questions based on the belief that they constituted private personnel records under N.C.G.S. § 160A-168, and described the story as "a slam job that would damage the very men and women who are still recovering from this heinous incident." When the story was run, it characterized the Charlotte-Mecklenburg Police Department as lacking in transparency.

The amended complaint further alleged that, after the story ran, Defendants published, or caused to be published, a number of Facebook posts commenting on her character and professionalism:

VASTOLA V. CHARLOTTE-MECKLENBURG LODGE 9 OF THE FRATERNAL ORD. OF POLICE, INC.

*Opinion of the Court*

> [T]he mouth piece of [the] department resorts to petty nastiness whenever she doesn't like the questions being asked.
>
> . . . .
>
> [T]he men and women who actually do the work at CMPD PIO[1] are great; however, I've heard the opposite about their so-called "leader", I believe this is the perfect example of her failures as a person with power.
>
> . . . It seems she has taken a page out of the playbook of Karine Jean-Pierre, pretending things aren't actually as they seem even when it's quite obvious.
>
> . . . [H]ow does it look when a reporter asks a governmental agency, especially a police department, a question and their PIO Director snaps back with insults.

(Internal quotation marks omitted.) It also alleged that Defendants verbally disparaged her character and professionalism in an interview:

> [T]he department's dismissive response prompted the FOP to take a public stand against the spokesperson's handling of this situation.
>
> . . . [G]arbage response given by CMPD's PIO office.
>
> This is a break in trust between the department and citizens who depend on the truth.
>
> A level of professionalism should always be present and simply answering any questions truthfully is always the easiest way to show your transparency. This was clearly not done on this topic and from what we have heard this type of behavior is commonplace within the PIO's office.

---

[1] Presumptively an acronym for "public information officer."

VASTOLA V. CHARLOTTE-MECKLENBURG LODGE 9 OF THE FRATERNAL ORD. OF POLICE, INC.

*Opinion of the Court*

> The hard-working men and women at CMPD should not have to suffer from the poor decisions of those representing the department.

(Internal quotation marks omitted.) The complaint alleged that these statements damaged Plaintiff's reputation and "were malicious."

Defendants moved to dismiss, arguing Plaintiff's complaint failed to state a claim upon which relief could be granted because "(1) Plaintiff is a public figure and has failed to plead actual malice; and (2) Plaintiff has not included any factual allegations tending to show Defendants' statements are actionable defamation." On 4 April 2025, the trial court entered a one-page order granting Defendants' motion to dismiss. Plaintiff timely appealed.

## II. <u>Jurisdiction</u>

This Court has jurisdiction to hear Plaintiff's appeal pursuant to N.C.G.S. § 7A-27(b) (2023).

## III. <u>Standard of Review</u>

> On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief.

*Craven v. Cope*, 188 N.C. App. 814, 816 (2008) (emphasis and citation omitted). "This

VASTOLA V. CHARLOTTE-MECKLENBURG LODGE 9 OF THE FRATERNAL ORD. OF POLICE, INC.

*Opinion of the Court*

Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Id.* (citation omitted).

## IV. <u>Analysis</u>

On appeal, Plaintiff argues the trial court erred in dismissing her appeal because, first, she was not a public figure and therefore not subject to the hightened pleading standards applicable to public figures in defamation[2] cases, and second, her pleadings were sufficient to survive a motion to dismiss even if she were a public figure. Meanwhile, Defendants, in addition to disputing both bases for Plaintiff's appeal, contend the statements did not contain defamatory content. For the reasons explained below, we agree with Defendants that the statements made in this case were not defamatory and therefore could not create liability for a defamation claim irrespective of whether Plaintiff was a public figure.

"In order to recover for defamation, a plaintiff must allege that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person." *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 29 (2002) (citation omitted), *disc. rev. denied,* 357 N.C. 163

---

[2] While Plaintiff separately alleged slander and libel in her complaint, the relevant legal principles in this case are applicable to defamation generally; thus, we will discuss them in tandem as "defamation" throughout this analysis. *See Gaunt v. Pittaway*, 135 N.C. App. 442, 447 (1999) ("There are two separate torts encompassed by the term 'defamation,' being libel and slander. Generally, libel is written while slander is oral." (citation and internal quotation marks omitted)).

VASTOLA V. CHARLOTTE-MECKLENBURG LODGE 9 OF THE FRATERNAL ORD. OF POLICE, INC.

*Opinion of the Court*

(2003). "To be actionable, a defamatory statement must be false and must be communicated to a person or persons other than the person defamed." *Andrews v. Elliot*, 109 N.C. App. 271, 274 (1993) (citation omitted). Moreover, implicit in the idea that a statement must be false to be defamatory is that the statement must be *falsifiable*; therefore, "[i]f a statement cannot reasonably be interpreted as stating actual facts about an individual, it cannot be the subject of a defamation suit." *Craven*, 188 N.C. App. at 817 (citing *Daniels v. Metro Magazine Holding Co., L.L.C.*, 179 N.C. App. 533, 539 (2006)). Thus, the pure expression of opinion cannot form the basis for a defamation action; and, even where appearing to make a factual assertion, rhetorical hyperbole enjoys similarly protected status if "a reasonable reader or listener would not construe that assertion seriously" as a factual statement. *Daniels*, 179 N.C. App. at 539.

The United States Supreme Court has said that "debate on public issues should be uninhibited, robust, and wide-open, and . . . may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials[,]" *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964); accordingly, "public figures bear the burden of proving that alleged defamatory statements against them were published with actual malice in order to recover damages." *Gaunt*, 135 N.C. App. at 448. This heightened pleading standard does not, however, affect the foundational question of which statements may form the basis for defamation

VASTOLA V. CHARLOTTE-MECKLENBURG LODGE 9 OF THE FRATERNAL ORD. OF POLICE, INC.

*Opinion of the Court*

liability in the first instance. Thus, regardless of whether a plaintiff is a public figure, public figure for a limited purpose, or private person, an allegedly defamatory statement still must contain serious factual content to form the basis for an actionable claim. *See Boyce*, 153 N.C. App. at 29; *Craven*, 188 N.C. App. at 817; *Daniels*, 179 N.C. App. at 540.

Here, none of the statements that Plaintiff identifies in her complaint can be seriously understood as containing factual content. While perhaps deeply unflattering, accusing Plaintiff of "nastiness," opining that her actions constitute "failures as a person with power[,]" characterizing her statements as "dismissive" or "snap[ping] back with insults[,]" or expressing that she made "poor decisions" or a "[g]arbage response" are all decidedly subjective opinions offered to *characterize* her behavior, not factual claims regarding the *contents* of her behavior. *See Daniels*, 179 N.C. App. at 540 ("[W]hether or not [the] plaintiff spoke in a 'sinister' or 'Gestapo' voice is a matter of [the defendant]'s opinion, incapable of being proven or disproved. Indeed, it is unclear what [the defendant] means by a 'Gestapo' voice or what such a voice would sound like."). Thus, even assuming *arguendo* that Plaintiff is not a public figure and that these statements publicly disparaged her to her material harm, they contain no factual content and therefore cannot, as a matter of law, be understood as defamatory.

## IV. <u>Conclusion</u>

VASTOLA V. CHARLOTTE-MECKLENBURG LODGE 9 OF THE FRATERNAL ORD. OF POLICE, INC.

*Opinion of the Court*

A statement expressing a purely subjective opinion about a person—regardless of whether that person is a public figure, whether the statement was made publicly, or whether the statement caused harm—is not defamatory. As the statements here expressed purely subjective opinions, the trial court correctly dismissed Plaintiff's slander and libel claims.

AFFIRMED.

Chief Judge DILLON and Judge FREEMAN concur.